Caron, Administrator, etc., Appellant, vs. The City of Green Bay, Respondent.

*August 28 — September 18, 1888.*

*Negligence: Defective bridge: Nonsuit.*

In an action to recover damages for the death of a person alleged to have been caused by her falling through an opening negligently left in the railing of a drawbridge, the evidence conclusively showing that the opening was so small that she could not have fallen through it, it is *held* that a nonsuit was properly granted.

APPEAL from the Circuit Court for *Brown* County.

Action to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of defendant in not keeping a certain drawbridge in repair. At the close of the testimony the court granted a nonsuit. Plaintiff appeals.

For the appellant there was a brief by *John C. & A. C. Neville*, and oral argument by *A. C. Neville*.

*Chas. E. Vroman*, for the respondent.

Cole, C. J. We are fully satisfied that the jury would not have been warranted in finding, from the evidence given on the trial, that the defendant city was guilty of any negligence which caused the death of Miss Caron. It is alleged in the complaint, and an effort was made to prove, that the Walnut-Street bridge was out of repair; was so twisted from its position that on the west end and south side thereof, even when the draw was closed, there was an open space left between the railing on the side of the draw and the railing on the main part of the bridge, so wide that a person walking close to the railing might step or fall through this opening into the river below. There was, indeed, evidence that the railing on the draw and upon the bridge did not closely unite at that point; that there was a small opening there. But the testimony conclusively estab-

lishes the fact that the deceased could not have fallen through this opening, because it was not large enough to admit of her doing so. It would have been almost, if not quite, impossible for her to have crowded her body through that opening, had she tried to do so. The circumstances attending the accident tend irresistibly to prove that Miss Caron, in the darkness and haste in which she was walking, being confused by the violent wind, rain, and lightning,— probably, also, by the umbrella she was carrying before her to protect her from the storm she was facing,— failed to observe that the draw was not closed, and walked·off of it into the river. All the probabilities favor the supposition that this was the way she met her death. At all events it is clear that it was a physical impossibility for her to have fallen through the opening in the railing, and this is the only defect in the bridge relied on as showing proximate negligence on the part of the city. There was therefore an entire absence of evidence to sustain the action, and of course negligence could not be presumed without some proof of the fact. The plaintiff charged negligence on the part of the city in respect to the defects in the bridge. Of course the *onus probandi* was upon him to show some defect such as would justify the jury in finding that it caused the death of Miss Caron. But the plaintiff utterly failed in making that proof, and in showing that she came to her death through any negligence of the city. Her death seems rather to have been the result of inadvertence on her part, or pure accident in falling from the bridge while the draw was open. Certainly there is no evidence that would warrant the jury in finding that her death was caused by the negligence of the city. The main facts on this point are undisputed, and there was no error in the court granting the nonsuit.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 39 N. W. Rep. 134.— REP.